UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MAURICE E. CRAWFORD, SR.,

Plaintiff,

v.                                          CAUSE NO. 1:23-CV-321-HAB-SLC

TROY HERSHBERGER,

Defendant.

OPINION AND ORDER

Maurice E. Crawford, Sr., a prisoner without a lawyer, filed a complaint alleging he was injured when he fell at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Crawford alleges he slipped and fell on June 26, 2023, while washing dishes for Tiger Snacks, the food services company at the Allen County Jail. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution

of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d

375, 379 (7th Cir. 2005). Based on the allegations in this complaint, it would not be

plausible to infer that Crawford's fall was the result of a policy or custom of Tiger

Snacks.

Crawford alleges he injured his right shoulder, arm, hand, and back. He says he

was seen by Dr. Galperin, but was not sent to the hospital or given an x-ray.

> The Due Process Clause of the Fourteenth Amendment imposes
> obligations on government officials to safeguard the health and safety of
> pretrial detainees, and section 1983 provides a cause of action for
> detainees . . . to vindicate those constitutional guarantees. To state a claim
> for inadequate medical care, a complaint must allege that: (1) there was an
> objectively serious medical need; (2) the defendant committed a volitional
> act concerning the [detainee]'s medical need; (3) that act was objectively
> unreasonable under the circumstances in terms of responding to the
> [detainee]'s medical need; and (4) the defendant acts purposefully,
> knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotation

marks omitted). For a medical professional to be held liable for deliberate indifference

to an inmate's medical needs, he must make a decision that represents "such a

substantial departure from accepted professional judgment, practice, or standards, as to

demonstrate that the person responsible actually did not base the decision on such a

judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a

medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420,

425–26 (7th Cir. 2020). To prevail, an inmate must show that the treatment decision was

"blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).  Prisoners are

"not entitled to demand specific care[, nor are they] entitled to the best care

possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Based on the allegations in this complaint, it would not be plausible to infer that Dr. Galperin acted unreasonably and outside the scope of professional judgment, practice, or standards when he evaluated Crawford's injuries and decided Crawford did not need to be seen at the hospital or given an x-ray.

Crawford alleges he told nurses he was in pain and did not have normal movement in his right hand. It is unclear who he told or when, but it is clear he did not name any nurses as defendants. He alleges he sent healthcare requests on July 5, 10, and 22 "complaining about my pain and that I needed to see a doctor." ECF 1 at 2-3. It is unclear what happened to those requests, but there is no indication any of the named defendants knew about them.

Crawford alleges that as of July 26, 2023, he is in pain and has "not heard from the medical team here at the Allen County Jail." ECF 1 at 3. It appears Crawford is alleging that he was only seen once in the month since he was injured on June 26, 2023. Based on the allegations in this complaint, Crawford has plausibly alleged he is not receiving constitutionally adequate medical treatment because he is in pain, he has made repeated requests to be seen by a doctor, and he has not been seen by a medical professional for almost a month.

Crawford sues Allen County Sheriff Troy Hershberger in his official capacity. Sheriff Hershberger, in his official capacity, has both the authority and the responsibility to ensure Crawford receives constitutionally adequate medical

treatment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) and *Clark v. Galipeau*, No. 22-2927, 2023 WL 4759312, at *1 (7th Cir. July 26, 2023).

For these reasons, the court:

(1) GRANTS Maurice E. Crawford, Sr., leave to proceed against Allen County Sheriff Troy Hershberger in his official capacity for permanent injunctive relief to obtain constitutionally adequate medical treatment for the ongoing pain related to his injury on June 26, 2023, as required by the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Tiger Snacks and Dr. Galperin;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Allen County Sheriff Troy Hershberger at Allen County Jail, with a copy of this order and the complaint (ECF 1); and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Allen County Sheriff Troy Hershberger to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 31, 2023.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT